[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2009
THOMAS K. KAHN
CLERK

No. 08-15091
Non-Argument Calendar
_____

D. C. Docket No. 07-00520-CV-N

ARTHUR T. WATSON,

Plaintiff-Appellant,

versus

ALABAMA FARMERS COOPERATIVE, INC.,
d.b.a. Bonnie Plant Farms,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 10, 2009)

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Arthur T. Watson appeals the entry of summary judgment for his employer on his claims of age discrimination and retaliation brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34.

In 2005, Watson worked for Alabama Farmer's Cooperative ("AFC"), a plant wholesaler and his current employer, as a route salesman in Bells, Tennessee. In November 2005, after the fall season on the Bells route had ended and before the spring season began, Joe Stuart, Watson's supervisor, told Watson he would not return to the Bells route. After learning of this decision, Watson orally complained of age discrimination to Stuart. In February 2006, Watson requested the Bells route for the spring season. Stuart, however, assigned the Bells route to a younger employee and transferred Watson to a newly created, but seemingly less desirable, job in Donaldsonville, Louisiana. Subsequently, Stuart transferred Watson from Donaldsonville to Jasper, Alabama, and then from Jasper to Beeville, Texas. In June 2006, Watson filed an Equal Employment Opportunity Commission ("EEOC") complaint alleging discrimination and retaliation for the transfers.

The district court granted summary judgment for AFC on all claims, finding that (1) Watson's discrimination claim for the Bells to Donaldsonville transfer was untimely because Stuart made the decision not to return Watson to Bells in

2

November 2005, and Watson filed his EEOC complaint more than 180 days later; (2) Watson's discrimination claim for the Jasper to  transfer failed because the transfer did not constitute an adverse employment action; (3) Watson's retaliation claim for the Donaldsonville transfer failed because AFC decided to remove Watson from Bells before Watson complained of age discrimination; and (4) Watson's retaliation claim for the Jasper to Beeville transfer failed because the transfer did not constitute an adverse employment action.

## I.

Watson argues that the district court erred by granting summary judgment on the ground that his age discrimination claim for the Bells to Donaldsonville transfer was untimely.  Watson asserts that although he learned that he would not return to the Bells route in November 2005, he did not know where AFC would reassign him until February 2006, and AFC could have promoted him or assigned him to a better territory.  He contends that the limitations period should not have started running until he was reassigned in February 2006, at which time he became aware of the facts necessary to support a cause of action for age discrimination.

"We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court." *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1268 (11th Cir. 2007).  "Under that

3

standard, summary judgment is appropriate where 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Id.* (citing Fed. R. Civ. P. 56(c)).

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1) (2006). In Alabama, the ADEA requires a party to file a charge of age discrimination with the EEOC within 180 days after the alleged unlawful practice occurred. *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003).

We have "adapted to issues of age discrimination the principles of law applicable to cases arising under the very similar provisions of Title VII." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). In a Title VII case, a "plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122, 122 S. Ct. 2061, 2077, 153 L. Ed. 2d 106 (2001). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable

4

'unlawful employment practice.'" *Id.* at 114, 122 S. Ct. at 2073. "The proper focus for when a statute of limitations begins to run is the time of the discriminatory act." *Jones*, 331 F.3d at 1263. The time period for filing a complaint commences at the time an employment decision is made and communicated to the plaintiff, even though one of the adverse effects of the decision, such as an eventual loss of employment, does not occur until later. *Del. State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S. Ct. 498, 504, 66 L .Ed. 2d 431 (1980).

As the district court explained, "Watson's response to the motion for summary judgment indicates that his theory of liability is that the decision not to return him to the Bells route was an adverse employment decision, and that all transfers after that decision are part of that adverse action." (R. 30 at 7.) However, the district court modified this articulation of the plaintiff's theory of liability, concluding that the plaintiff had stated two age discrimination claims: one based on the transfer from the Bells route to Donaldsonville and another one based on the transfer from the Jasper route to the Beeville route.

As an initial matter, we note that Watson was not "transferred" from the Bells route to Donaldsonville. AFC fired Watson following the conclusion of the fall season in 2005, as it did every year, and subsequently rehired Watson for the

spring season in 2006. Thus, we disagree with the district court's conclusion that the relevant employment decision was the "transfer" from the Bells route to Donaldsonville. Instead, we believe that AFC's November 2005 decision not to return Watson to the Bells route is the relevant employment decision for the purposes of evaluating Watson's first age discrimination claim.

Focusing on AFC's decision not to ask Watson to return to the Bells route, we conclude that the district court correctly ruled that Watson's first age discrimination claim is time-barred. Because a statute of limitations begins to run when an allegedly discriminatory employment decision is made, the limitations period on Watson's first age discrimination claim began running in November 2005 when AFC informed Watson that he would not be returning to the Bells route in February 2006. Although Watson makes a strong argument on appeal that the limitations period could have been equitably tolled, Watson chose not to raise the equitable tolling argument in the district court. Because Watson raises the equitable tolling argument for the first time on appeal, we decline to consider it. *See Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1304 (11th Cir. 2007) (declining to consider argument raised for first time on appeal). Thus, we affirm the district court's conclusion that Watson's first age discrimination claim should be dismissed as untimely.

II.

Watson next argues that the district court erred by entering summary judgment in favor of AFC on Watson's retaliation claim for his reassignment to Donaldsonville because he complained of age discrimination before he learned of his reassignment to Donaldsonville. Watson asserts that his cause of action for retaliation did not accrue until the reassignment because, prior to the reassignment, he did not know he had a claim. He contends that there is a causal connection between the reassignment and a protected activity because the reassignment to Donaldsonville occurred after he complained to Stuart about age discrimination.

"The substantive law of this Circuit dictates that a plaintiff alleging retaliation must establish a prima facie case by showing: (1) a statutorily protected expression, (2) an adverse employment action, and (3) a causal link between the protected expression and the adverse action." *Hairston*, 9 F.3d at 919 (footnote omitted). Only the second two elements are at issue here.

An adverse employment action includes employer conduct "which has a materially adverse effect on the plaintiff, irrespective of whether it is employment or workplace-related." *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008). Furthermore, "a materially adverse action 'means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* at

7

974 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006)).

We have previously held that a plaintiff may show a causal link between statutorily protected activity and an adverse employment decision "if he provides sufficient evidence that the decision-maker became aware of the protected conduct, and that there was close temporal proximity between this awareness and the adverse employment action." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999).

We agree with Watson that the district court should have considered the fact that Watson's initial complaints of age discrimination preceded AFC's decision to assign Watson to Donaldsonville. Nevertheless, we believe that the district court correctly entered summary judgment in favor of AFC on Watson's retaliation claim stemming from his assignment to Donaldsonville because we do not believe that Watson has produced sufficient evidence for a reasonable jury to conclude that Watson's assignment to Donaldsonville constitutes a materially adverse employment action.

As noted above, Watson had no job in February 2006 when he was assigned to Donaldsonville. Watson had no entitlement to employment with AFC, much less any entitlement to return to the Bells job when he was re-hired in 2006.

8

Watson argues that the assignment to Donaldsonville is an adverse employment action because the Donaldsonville job was less lucrative than the Bells route, but consideration of the benefits of the Bells route is inappropriate because Watson had no entitlement to work on the Bells route, and the Bells route was no longer available in the spring of 2006.

Moreover, AFC has presented undisputed evidence that AFC created the Donaldsonville position for the sole purpose of providing Watson with a job. We do not believe that this is the type of action that would dissuade "a reasonable worker from making or supporting a charge of discrimination," *Crawford*, 529 F.3d at 974. Accordingly, we affirm the district court's entry of summary judgment in favor of AFC on Watson's retaliation claim stemming from his assignment to Donaldsonville.

## III.

Watson next argues that the district court erred in entering summary judgment on his retaliation claim for the transfer from Jasper to Beeville because AFC transferred Watson shortly after he filed an EEOC charge, thereby demonstrating a causal connection between the two events.

"Although a plaintiff's burden in proving a *prima facie* case is light, summary judgment against the plaintiff is appropriate if he fails to satisfy any one

9

of the elements of a *prima facie* case." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432–33 (11th Cir. 1998) (citation omitted). "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines, Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

In his appellate brief, Watson does not challenge the district court's determination that the Beeville transfer was not an adverse employment action and thus has abandoned that argument on appeal. Therefore, he failed to establish a prima facie case of retaliation with regard to the Jasper to Beeville transfer, and we affirm the district court's grant of summary judgment on this claim.

IV.

For the foregoing reasons, we affirm the district court's entry of summary judgment in favor of AFC on all of Watson's claims.

**AFFIRMED.**